UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PATRICK HARRIS, | |
|---|---|
| Plaintiff, | Case No. 22-cv-00810 EJD (PR) |
| v. | **ORDER OF DISMISSAL** |
| WARDEN MATTHEW ATCHLEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Warden Matthew Atchley and Dr. Nguyen for violating his Eighth Amendment rights while he was formerly housed at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to correct pleading deficiencies. Dkt. No. 7. Plaintiff filed an amended complaint, Dkt. No. 13, which was deemed timely filed. Dkt. No. 14.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**     **Plaintiff's Claims**

Plaintiff claims that while housed at SVSP from November 2018 through February 2019, he was forced to live in an unsafe and unhealthy environment due to flooding in the cells. Dkt. No. 13 at 3. Plaintiff filed a grievance (Log No. SVSP-L-18-06945): the first level was signed off by Associate Warden R. Gamboa, and at the second level by Chief Deputy Warden E. J. Borla. Id. at 3-4. Each response explained that carpenters were in the process of making roof repairs to B1 Housing Unit. Id. at 4. The work was not completed until January 3, 2019, at which time maintenance only came and welded some holes to temporarily solve the problem. Id. Plaintiff claims these "band-aids" only caused the water to leak from new areas in the wall. Id. Officer I. Pineda would allow all inmates affected by the leak to "push it out on his watch" and would also pass out bars of soap to use as clay, which was ultimately ineffective. Id. at 5. Plaintiff claims that staff failed to properly address and permanently fix leaks or accommodate him by moving him to another cell. Id. Plaintiff claims this failure denied him his constitutional right to be free from danger or harm. Id.

Plaintiff also claims that on February 4, 2019, he slipped and fell as he stepped onto the wet floor while attempting to descend from his top bunk. Dkt. No. 13 at 5. Plaintiff

2

claims there were no rails or ladders to assist him. Id. The fall caused him to injure his lower back, requiring medical attention and treatment at an outside hospital. Id. Plaintiff claims this accident could have been avoided if there had been a proper railing or ladders and no water on the floor. Id.

Plaintiff claims that after his return from the hospital, he was forced to return to his cell and the top bunk. Dkt. No. 13 at 6. Plaintiff made M. Walters and I. Pineda aware of his back injury, but "because of no open cells, [Plaintiff] was left there for over a week before [he was] moved to the lower tier and lower bunk." Id. Plaintiff claims these circumstances also violated his Eighth Amendment right to reasonable safety.

Plaintiff claims Warden Atchley failed to provide reasonable safety which resulted in him suffering serious personal injury. Dkt. No. 13 at 6. Plaintiff claims that he suffered yet again on May 18, 2019, when staff knowingly and willingly housed him in a cell (D1-217) that had water leaking inside from the roof. Id. When he explained his concern about this housing due to his preexisting back injury incident to Officer John Doe #1, the officer told him that D1-217 was in better condition than the cell Plaintiff was supposed to be housed in, Cell D1-218, which was found to be "unserviceable." Id. at 6-7.

Plaintiff claims that D-1 Unit Housing Staff admits that rain caused multiple cells in the unit to have water intrusions and that staff attempted to mitigate the issue with towels and other absorbent materials, which failed to rectify the problem. Id. at 7. Plaintiff claims that the staff's knowledge of the existing water flooding in his cell and "not deeming it as unserviceable makes them liable because Plaintiff was left with no way to navigate or maneuver safely inside his cell." Id. Plaintiff claims Defendants' actions amount to "deliberate indifference and gross negligence for having [him] occupy a cell leaking rain water knowing the risk [to] Plaintiff['s] health and safety [*sic*]." Id. Plaintiff seeks declaratory and injunctive relief as well as damages. Id. at 9-11.

Prisoners have a right under the Eighth Amendment to be free from exposure to unsafe conditions and from deliberate indifference to serious medical needs. See Estelle v.

3

Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

The amended complaint again fails to allege sufficient facts to state an Eighth Amendment claim against any named Defendant. Assuming the prolonged flooding amounts to an objectively, sufficiently serious deprivation, Plaintiff fails to satisfy the second requirement regarding each Defendant's failure to take reasonable steps to abate an excessive risk to his health or safety. Plaintiff's allegations indicate that several prison officials were aware of the flooding issues. However, his allegations also indicate that attempts were being made to fix or improve conditions: repairs were made to the roof, holes were welded in the walls, and towels and absorbent materials were being provided to deal with the wet floors. Plaintiff was also permitted to push out the water and given soap to attempt to plug the holes. Plaintiff also alleges that efforts were made to move him to better conditions, i.e., from the cell where he slipped and fell to another cell with a lower bunk. The fact that these actions were insufficient to completely eradicate safety issues does not establish that Defendants acted with deliberate indifference. Rather, their response to the conditions amounts to gross negligence at best, which is not actionable under § 1983 in the prison context. See Farmer, 511 U.S. at 835-36 & n.4; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

In the Court's initial screening order, Plaintiff was advised that he would have to allege that Defendants specifically knew of and disregarded an excessive risk to Plaintiff's health or safety and failed to take reasonable steps to abate it. Dkt. No. 7 at 3-4, citing

4

Farmer, 511 U.S. at 837.  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Id.  Plaintiff's allegations indicate that Defendants attempted to take reasonable steps to abate the problem of flooding in the cells and move him to better conditions.

With regard to the slip and fall incident, Plaintiff fails to allege sufficient facts establishing that any Defendant was aware that the lack of a railing and ladder amounted to an excessive risk to Plaintiff's safety and failed to take reasonable steps to abate it.  See Farmer, 511 U.S. at 837.  Even if a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).  Plaintiff also asserts that the failure to move him to another cell immediately after his return from the hospital amounts to deliberate indifference.  However, he admits that this delay was because there were "no open cells," rather than an intentional delay or failure on the part of any Defendant.  Lastly, the fact that Plaintiff was housed in D1-217, another leaking cell, does not establish deliberate indifference.  Rather, his allegations indicate that staff chose this cell because it was in better condition than the one originally assigned, which was unserviceable.  Again, this decision making does not indicate deliberate indifference by Defendants.

Plaintiff has already been granted one opportunity to amend.  The Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain essentially the same.  Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, the Eighth Amendment claims are DISMISSED for failure to state a claim.

///

# CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** with prejudice for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated:   February 17, 2023

EDWARD J. DAVILA
United States District Judge